CHARLES C. HARDER *et al.* Appellees, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed June 18, 1908.*

MUNICIPAL CORPORATIONS—*Chicago "wheel tax" ordinance applies to pleasure vehicles.* A buggy, carriage or automobile, when in use upon the public streets of a city, whether used for pleasure or for hire, if persons are carried therein, is in use for carrying a load, within the meaning of clause 96 of section 1 of article 5 of the City and Village act, as amended in 1907, and is within the terms of the Chicago "wheel tax" ordinance requiring vehicles carrying persons or property to be licensed by the city.

CARTWRIGHT, C. J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. G. A. CARPENTER, Judge, presiding.

EDWARD J. BRUNDAGE, Corporation Counsel, EMIL C. WETTEN, EDWIN H. CASSELS, and CLARENCE N. BOORD, for appellant.

ROBERT W. DUNN, for appellees.

Per CURIAM: This was a bill filed by the complainants, on behalf of themselves and also on behalf of all other persons in the city of Chicago similarly situated who might choose to join in the suit and contribute to the expense of

the litigation, to restrain the city of Chicago from enforcing against complainants the ordinance referred to in the case of *Harder's Fire Proof Storage and Van Co.* v. *City of Chicago,* (*ante,* p. 58.) The bill alleged that Charles C. Harder was the owner of two vehicles,—one being known as a light buggy or run-about and the other a family carriage,—and that Charles C. Harder, Jr., was the owner of an automobile; that said buggy, carriage and automobile were used by the respective owners thereof for pleasure and in going to and from their business upon the public streets of the city of Chicago, and that they were not used for hire. The circuit court held that the ordinance known as the "wheel tax" ordinance did not apply to that class of vehicles, and granted an injunction restraining the city from enforcing against the complainants said ordinance. Clause 96 of section 1 of article 5, chapter 24, of the Revised Statutes, authorizes the passage of an ordinance authorizing the collection of a license fee upon wagons and other vehicles conveying loads upon public streets and alleys in cities and villages, and the ordinance makes it unlawful to use any wagon or other vehicle in the transportation of persons and property upon the public streets of the city of Chicago unless the wagon or other vehicle is licensed. We think it clear a buggy, carriage or automobile, when in use upon the public streets of the city, whether used for pleasure or for hire, if persons are carried therein, within the meaning of the statute and ordinance, is in use for carrying a load, and that it cannot be so used unless licensed. The court, therefore, erred in holding the vehicles of the complainants were not subject to the terms of said ordinance.

The decree of the circuit court will therefore be reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

Mr. CHIEF JUSTICE CARTWRIGHT, dissenting.